IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KALPESH PATEL,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | **8:25CV279**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kalpesh Patel ("Patel") is an Indian national who has resided in the United States for over two decades. On July 26, 2014, Patel was a victim of an armed robbery in Kentucky. On December 13, 2024, he filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization ("Form I-765") with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). He also submitted an I-918A Petition for Qualifying Family Member on behalf of his relative, Sonalben Patel ("Sonalben"), who then filed her own Form I-765.

He filed this *pro se* complaint (Filing No. 1) just months later claiming the USCIS has yet to adjudicate those requests in any way. In particular, he complains the USCIS has failed to issue bona fide determinations and employment authorization documents that would allow him and Sonalben to work while their U-visa applications are pending. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Patel asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the Court to

order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief). In a Motion for Partial Summary Judgment (Filing No. 5) filed on June 3, 2025, Patel further urges the Court to "declare all BFD delays beyond 15 months unreasonable" and compel the USCIS to take action. *See* Fed. R. Civ. P. 56(a).

This matter is before the Court, however, on the Court's own motion to determine its jurisdiction over Patel's APA claim. *See Hunter v. Page County*, 102 F.4th 853, (8th Cir. 2024) ("Even if the parties do not raise a jurisdictional issue, it is the court's duty to raise the issue of its own accord, or sua sponte."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court concludes that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Patel's claim. Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:

1. Plaintiff Kalpesh Patel's complaint (Filing No. 1) is dismissed without prejudice for lack of subject-matter jurisdiction.
2. Patel's Motion for Partial Summary Judgment (Filing No. 5) is denied as moot.
3. A separate judgment will issue.

Dated this 12th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge